UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FOUNTAIN LEASING, LLC, )
)
    Plaintiff, )
)
v. ) No.: 3:12-CV-317-TAV-HBG
)
DAVID N. KLOEBER, JR., )
)
    Defendant. )
)

## MEMORANDUM OPINION

This civil matter is before the Court on defendant's Objection to Report and Recommendation regarding plaintiff's proposed order of judgment [Doc. 46], to which plaintiff has responded [Doc. 47]. In granting plaintiff's motion for summary judgment, the Court ordered plaintiff to submit a motion for entry of judgment, along with a proposed order of judgment against defendant, inclusive of any fees and interest associated with the matter [Doc. 40]. The magistrate judge considered plaintiff's motion for entry of judgment and issued a Report and Recommendation ("R&R"), recommending the Court grant the motion and enter plaintiff's proposed final judgment as the judgment of the Court [Doc. 45 p. 7].

Defendant filed objections to the R&R, arguing that the magistrate judge (1) applied the incorrect postjudgment interest rate and (2) "did not consider the many disputed factual issues that cumulatively demonstrate Plaintiff's failure to reliably establish damages" [Doc. 46 p. 1]. Accordingly, defendant asks the Court to reject the

R&R and "hold an evidentiary hearing on damages to resolve the myriad of material factual disputes" [*Id.* at 5]. The Court must review *de novo* those portions of the R&R to which defendant has objected. 28 U.S.C. § 636(b)(1). Accordingly, the Court considers the motion for entry of judgment, underlying and supporting briefs, evidence, R&R, and objections, all in light of the applicable law.

First, defendant argues that, although the magistrate judge properly applied the Tennessee state-law rate of 7.25% for prejudgment interest, postjudgment interest should be set at the federal rate [*See* Doc. 46 p. 3–4]. Plaintiff does not oppose this request [Doc. 47 p. 2]. "In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest." *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (quoting *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000)). Specifically, 28 U.S.C. § 1961(a) "controls postjudgment interest in civil cases decided in the federal district courts." *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 792 (6th Cir. 2005), *overruled on other grounds by Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452 (6th Cir. 2015); *see also Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 432 (6th Cir. 2013) ("28 U.S.C. § 1961(a) requires district courts to award post-judgment interest on all money judgments."). Under the federal statute, postjudgment "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors

of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

In light of the relevant law and the lack of opposition, the Court will sustain defendant's first objection to the R&R and will impose the federal rate for postjudgment interest. Neither party has specified the appropriate rate pursuant to 28 U.S.C. § 1961(a) [*See* Doc. 46 p. 3–5; Doc. 47 p. 1–2]. The judgment was entered on May 28, 2014 [*see* Doc. 40], and the week preceding the entry of judgment ended on May 23, 2014. For that preceding week, the Court finds that the published weekly average 1-year constant maturity Treasury yield was 0.09%. *See* Bd. of Governors of the Fed. Reserve Sys., *Federal Reserve Statistical Release: H.15 (519) Selected Interest Rates* (May 27, 2014), http://www.federalreserve.gov/releases/h15/20140527/.

In support of his second objection, defendant argues that the R&R "improperly deferred to this Court's Memorandum Opinion," which "erroneously failed to consider the evidence included in [defendant's] Supplemental Response to Motion for Summary Judgment, which established genuine issues of material fact as to plaintiff's claim[ed] damages" [Doc. 46 p. 4]. Defendant submitted this motion for leave to file a supplemental response on May 22, 2014 [Doc. 34]. After reviewing defendant's motion and the proposed documents, the Court denied the motion in its summary judgment opinion [Doc. 39 p. 1 n.1]. The Court stated that, "[e]ven if the Court were to consider the arguments set forth in the supplemental brief, the Court would reach the same conclusion in granting plaintiff's motion for summary judgment" [*Id.*]. In sum, the

3

Court has previously considered the arguments in defendant's supplemental response, and having reviewed the Court's memorandum opinion and the record, the Court finds that an evidentiary hearing is unwarranted and will overrule defendant's second objection to the R&R.

For these reasons, the Court hereby accepts the R&R in part and rejects it in part. Plaintiff's Motion for Entry of Judgment [Doc. 41] will be **GRANTED**, and plaintiff's proposed final judgment [Doc. 41-2] will be entered as the judgment of the Court but will be amended to reflect that plaintiff shall be awarded postjudgment interest at the rate of 0.09% pursuant to 28 U.S.C. § 1961.[1]

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In addition, the Court finds that defendant's Motion and Brief to Deem Facts Admitted [Doc. 38], which was filed before summary judgment was entered in this case, is **MOOT**. The parties made no mention of the motion in their recent briefing, and summary judgment has already been granted in this case.